[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
In this medical malpractice action the remaining defendants, Douglas Wieczorek and John Giacchetto (this action having been dismissed as to the named defendant), have moved for summary judgment on the ground that the claim of the plaintiff Valerie Sigler, a minor who brings this action through her parents and best friends (the minor plaintiff is hereinafter referred to as the "plaintiff"), is barred by the statute of limitations, § 52-584 of the General Statutes.
Facts
In the light most favorable to the plaintiff, the following are the relevant facts which are supported by the affidavits submitted by the plaintiff and by the sheriff's return:
 On April 9, 1991, the plaintiff was admitted to a hospital on the advice of the defendant Giacchetto, a physician, for the purpose of having orthopedic surgery performed on her left arm;
 On April 9, 1991, the defendant Wieczorek, who was an assistant to the defendant Giacchetto, undertook to remove a cast from the plaintiff's left arm with an electronic cutting device;
 On April 9, 1991, while using the electronic cutting device to remove the cast from the plaintiff's arm, the defendant Wieczorek caused that device to come into contact with the plaintiff's skin, so as to cause cuts on her skin;
 Between April 9, 1991 and July 3, 1991, the plaintiff visited the defendant Giacchetto's office three times in follow-up to the April 9, 1991 cast removal and surgery;
 During each of those three visits, the defendant Giacchetto examined the plaintiff's left arm and stated that the scar on that arm (presumably resulting from the removal of the cast on April 9, 1991) would go away;
CT Page 1431-DD
 In late November or early December 1993, the plaintiff again visited the defendant Giacchetto's office. During that visit, the defendant Giacchetto asked to see the plaintiff's left arm, and he then examined it. He thereafter said that the arm looked good and that the scar should be fading;
 During one of the plaintiff's visits to the defendant Giacchetto's office, the plaintiff's mother asked the defendant Giacchetto if she should consult with another doctor about the plaintiff's arm, to which the defendant Giacchetto answered no, that the plaintiff did not need to go to any other doctor for her arm;
 On April 20, 1994 and April 22, 1994, the defendants were served in this action.
 Discussion
The amended complaint alleges that the defendant Wieczorek was negligent in removing the cast from the plaintiff's arm with the electronic cutting device, and that as a result of that negligence the plaintiff suffered injuries to her arm. Because this action was begun more than two years after the date of the alleged negligence, the plaintiff is relying on the continuous course of conduct doctrine or on the continuous course of treatment doctrine (the plaintiff has not made it clear which of those doctrines is the basis for her position) to toll the running of the statute of limitations. It is found that that doctrine is inapplicable to this case on the following two grounds.
I. Completed Act
In Giambozi v. Peters, 127 Conn. 380 (1940), a physician gave a patient a transfusion of blood which the physician was alleged to have failed to test. The blood was tainted with syphilis, which the patient thereupon contracted. The physician thereafter treated the patient for syphilis. The patient brought suit beyond the time allowed by the statute of limitations, as measured from the date of the alleged negligence, the transfusion of the tainted blood. In an enlightening footnote CT Page 1431-EE in Blanchette v. Barrett, 229 Conn. 256, 274, fn. 14, our Supreme Court noted that in Giambozi it had held that the statute of limitations was not tolled during the physician's treatment of the patient's syphilis because the alleged negligence, the administration of the transfusion, was a completed act which was separate and distinct from the subsequent treatment for syphilis.
Similarly, the negligence alleged in this case, the cutting of the plaintiff's arm, was a completed act which was separate and distinct from the subsequent treatment of the resulting cuts. Accordingly, the statute of limitations began to run upon the infliction of the cuts, and it was not tolled during the defendant's treatment of those cuts.
II. Gap in Continuous Treatment
Assuming, arguendo, that the treatment of the plaintiff's cuts was a continuation of the treatment which began with the alleged negligent removal of her cast, it becomes necessary to determine the maximum length of an interval between treatments which will allow a course of treatment to qualify as "continuous" for purposes of determining when a statute of limitations begins to run.
The plaintiff argues that her visit to the defendant Giacchetto in late November or early December 1993 extended until that time the continuous treatment which she had been receiving from him, so that the running of the statute of limitations was tolled until that last visit. That argument presumes that the continuous treatment doctrine is applicable when the elapsed time between two treatments is longer than the period during which suit can be commenced under the statute of limitations. To the contrary, it is held that the statute of limitations expired when more than two years elapsed between the plaintiff's next-to-last visit to the defendant Giacchetto on July 3, 1991 and her last visit to him in late November or early December 1993. Were the rule otherwise, there would be no limit on the length of the gap between visits which would permit a series of treatments to qualify as "continuous," with the result that a patient could return to a physician for treatment of a condition which had allegedly been misdiagnosed or mistreated at some time in the distant past and thereby create a springing revival of a long expired statute of limitations. Such a rule would fly in the face of our policy that calls for a definition of the time when one CT Page 1431-FF can take comfort that the threat of litigation has passed.
Conclusion
Summary judgment is granted in favor of the remaining defendants.
G. Levine, J.